73 F.3d 364
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Vidolfo CANIZALES-SATIZABAL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1831.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 20, 1995.*
Decided Dec. 20, 1995.
 
 Before CUMMINGS, KANNE and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Vidolfo Canizales-Satizabal ("Satizabal") moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. Sec. 2255. The district court denied the motion, and Satizabal appeals. We affirm.
 
 
 2
 Satizabal pleaded guilty in 1992 to one count of conspiracy to distribute four kilograms of cocaine in violation of 21 U.S.C. Sec. 846 and one count of possession with intent to distribute just over 4000 grams of a mixture containing cocaine in violation of 21 U.S.C. Sec. 841(a)(1). He was sentenced to 97 months' imprisonment. Satizabal did not appeal. On December 29, 1994, Satizabal filed a motion to vacate, set aside, or correct his sentence, which the district court denied on March 8, 1995. Satizabal timely appealed.
 
 
 3
 We review de novo a district court's decision to deny post-conviction relief, Olmstead v. United States, 55 F.3d 316, 318 (7th Cir.1995), but accept its factual findings unless they are clearly erroneous. Stoia v. United States, 22 F.3d 766, 768 (7th Cir.1994). Further, we emphasize that a Sec. 2255 motion does not substitute for a direct appeal. Olmstead, 55 F.3d at 319. This court will address an issue a petitioner has failed to raise on direct appeal only if it is "raised in a procedurally appropriate manner." Theodorou v. United States, 887 F.2d 1336, 1339 (7th Cir.1989). Thus, Satizabal must show both cause for his failure to raise the issue earlier and prejudice resulting from the alleged errors.[1] Id.; Barker v. United States, 7 F.3d 629, 632 (7th Cir.1993), cert. denied, 114 S.Ct. 939 (1994).
 
 
 4
 Satizabal, who speaks only Spanish, claims that his right to due process was denied because he was unable to comprehend the proceedings against him.[2] To explain why he failed to raise the claim earlier he cites his inability to speak English and ineffective assistance of counsel. We find it unnecessary to address the issue of cause, however, because Satizabal fails to show prejudice.
 
 
 5
 The record in this case gives no indication that Satizabal did not understand the nature of the proceedings against him. Satizabal was provided with an interpreter in court, and he has not alleged that he was unable to communicate with his counsel.[3] Most persuasively, however, the district court thoroughly questioned Satizabal, in the presence of his interpreter and counsel, to be certain that he understood his constitutional rights and the judicial process.[4] Satizabal acknowledged that he had been read the indictment in Spanish and had discussed it with his attorney. Plea Tr. at 7. He was informed of his rights and of the maximum punishment to which he could be subjected. Plea Tr. at 8-12. The government outlined the case against him, Plea Tr. at 14-16, and he acknowledged his guilt before entering his guilty plea. Plea Tr. at 16. There is no indication that he did not understand the proceedings against him, so Satizabal cannot show prejudice from the alleged error and is barred from raising this claim.
 
 
 6
 Satizabal also claims that his Sixth Amendment right to counsel was violated because he received ineffective assistance of counsel. Ineffective assistance claims are cognizable in a Sec. 2255 proceeding, but only if a defendant can present valid reason for having failed to raise the issue on direct appeal. Guinan v. United States, 6 F.3d 468, 472 (7th Cir.1993) (valid reasons include same trial and appellate counsel, inability to develop claim without facts outside the trial record, or reasonable belief that new evidence might be necessary). "But if no reason is presented for the defendant's having waited, the interest in finality requires that the failure to have raised the issue on appeal be deemed a waiver of it." Id. Satizabal did not challenge the effectiveness of his trial counsel on appeal because he did not appeal the imposition of his sentence. He did not appeal, he claims, because he was never informed of his right to appeal. This contention is meritless: during the plea hearing the district court informed Satizabal of his right to appeal. Plea Tr. at 11. Thus, Satizabal could have contested the effective assistance on appeal. There is no indication that Satizabal expects to use sources outside the trial record to show his ineffective assistance claim, so the claim is not one which was better presented at post-conviction proceedings than in a direct appeal. Guinan, 6 F.3d at 472. Satizabal has waived the issue.
 
 
 7
 Finally, Satizabal believes that the district court should have granted him a hearing before it denied his Sec. 2255 petition.[5] 28 U.S.C. Sec. 2255 provides, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon...." We believe that the files and records of the case provided sufficient basis for the district court to render judgment on this motion, and consequently it did not err in declining to hold an evidentiary hearing.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement has been filed. Accordingly, the appeal is submitted on the briefs and the record
 
 
 [1]
 The "cause and prejudice" preconditions to collateral review of forfeited claims do not apply "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). Satizabal acknowledged his guilt in front of the district court and does not now contend that he was actually innocent
 
 
 [2]
 Relying heavily on United States v. Mosquera, 816 F.Supp. 168 (E.D.N.Y.1993) and 28 U.S.C. Secs. 1827, 1828 (providing for interpreters in United States courts), Satizabal emphasizes that the indictment and other trial documents were not translated into a language he could understand. This court, however, has never held that a defendant has a constitutional right to have documents translated into his own language. Even in Mosquera, a complex case involving multiple defendants and extensive documentation, the district court (acting at the defendants' request) held only that a court may, and under those circumstances should, order documents translated into a defendant's language. The interpreter statute does not require written translations. See 28 U.S.C. Sec. 1827
 
 
 [3]
 In its answer to the district court, the government asserted that Satizabal's counsel spoke Spanish and communicated with Satizabal in that language. Satizabal has not contested this assertion
 
 
 [4]
 The record on appeal contains a transcript of a hearing held June 15, 1992 ("Plea Tr."), in which the district court, in the presence of an interpreter, explained Satizabal's rights to him and in which he repeatedly asserted that he understood his rights and the consequences of his actions. Satizabal's contention that he never received such a hearing is meritless
 
 
 [5]
 In the district court Satizabal also claimed that he was entitled to relief under the recently amended 18 U.S.C. Sec. 3553. Satizabal failed to appeal the court's adverse ruling on this issue. Further, Satizabal has waived a contention about the sufficiency of the indictment which he raised for the first time in his reply brief. Bobo v. Kolb, 969 F.2d 391, 400 (7th Cir.1992)