Jonny SANDERS, Petitioner,

v.

**UNITED STATES of America, Respondent.**

**No. 00 CIV. 5528(MGC).**

United States District Court, S.D. New York.

Feb. 2, 2001.

Juan Bautista, a/k/a Jonny Sanders, Lisbon, OH, Plaintiff Pro Se.

Mary Jo White, United States Attorney, Southern District of New York, New York by Daniel A. Braun, Assist. United States Attorney, for respondent.

## MEMORANDUM OPINION AND ORDER

CEDARBAUM, District Judge.

Juan Bautista, also known as Jonny Sanders, petitions to vacate his guilty plea and sentence pursuant to 28 U.S.C. § 2255. Although petitioner lists "ineffective assistance of counsel" as the ground for his petition, he is not really contending that his lawyer was inadequate. His grievance is that he was not provided with written Spanish translations of the indictment, plea agreement and pre-sentence report. He argues that his lawyer's failure to request these written translations "resulted in the denial of due process and equal protection of the law together with the denial of access to the courts."

On November 19, 1997, petitioner, with the assistance of a certified Spanish interpreter, pleaded guilty to one count of conspiracy to distribute 50 grams or more of cocaine base pursuant to a written plea agreement. In that plea agreement, petitioner expressly waived his right to appeal or to attack his sentence under 28 U.S.C. § 2255. During the plea allocution, I drew petitioner's attention specifically to that portion of the plea agreement. Through the interpreter, petitioner stated that the plea agreement had been translated to him orally, that he had discussed the plea agreement with his lawyer, that he understood that by signing the plea agreement he was giving up his right to appeal or in any way attack his sentence and that he was pleading guilty voluntarily. I subsequently imposed a sentence that was at the bottom of the range agreed upon in the plea agreement.

A defendant's knowing and voluntary waiver of his right to appeal or collaterally attack a sentence in a stipulated Guideline range is binding. *See United*

*States v. Salcido–Contreras,* 990 F.2d 51, 53 (2d Cir.1993); *Pfeifer v. United States,* Nos. 97–2343, 97–2468, 99–2755, 96–2603, F.3d 1262, 2000 WL 1655232, at *2 (2d Cir. Nov.3, 2000). At the time that I entered the plea of guilty, I was satisfied that petitioner had knowingly and voluntarily waived his right to attack his sentence under § 2255, and that he understood the charge to which he was pleading and the terms of the plea agreement. Although petitioner made it clear at the sentencing hearing that he did not like the sentence, I was again satisfied that petitioner fully understood the charge against him, the plea agreement and the pre-sentence report.

■ Petitioner's allegation of ineffective assistance of counsel is insufficient to defeat his knowing and voluntary waiver. Ineffective assistance of counsel in entering a plea agreement might cast doubt on the validity of the waiver where counsel advised the defendant to sign the plea agreement without informing him of its contents. *See United States v. Ready,* 82 F.3d 551, 555 (2d Cir.1996) *citing United States v. Henderson,* 72 F.3d 463, 465 (5th Cir.1995). That is not the case here. Petitioner's statements and demeanor at the plea allocution persuaded me that he had knowingly and voluntarily waived his right to make a § 2255 challenge.

■ Moreover, petitioner's argument that the failure to provide him with written translations of the documents in question violated his due process and equal protection rights is without merit. Petitioner was provided the services of a certified interpreter at every court appearance and in meetings with his lawyers prior to his plea and sentencing. The interpreters also provided petitioner with oral Spanish translations of the indictment, plea agreement and pre-sentence report. For entry of a plea of guilty, due process of law requires adequate notice to a defendant of the charges against him and the consequences of entering a plea of guilty. For sentence, a defendant is entitled to understand the pre-sentence report. The Constitution does not require that the information be communicated in writing in a foreign language.

In *United States v. Mosquera,* 816 F.Supp. 168 (E.D.N.Y.), on which petitioner relies, Judge Weinstein ordered the government to provide separate interpreters and written translations of indictments, plea agreements and pre-sentence reports to 18 defendants in a complex narcotics and money laundering prosecution. While Judge Weinstein's opinion used the language of constitutional rights, the facts of the case were exceptional, and courts have since limited the case to its facts. *See Canizales–Satizabal v. United States,* No. 95–1831, 73 F.3d 364, 1995 WL 759472, at *2, n. 2 (7th Cir. Dec.20, 1995); *United States v. Martinez,* 120 F.Supp.2d 509, 514–515 (W.D.Pa.2000); *De La Rosa v. United States,* No. CIV.A. 94–7623, 1995 WL 251302, at *2 (E.D.Pa.1995).

For the foregoing reasons, the petition is denied.

SO ORDERED.