**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 16 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

JOEL PEREZ-AGUIRRE,

  Defendant - Appellant.

No. 01-8067
D.C. No. 01-CR-38-B
(D. Wyoming)

---

**ORDER AND JUDGMENT** [*]

---

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for decision on the briefs without oral argument.  See Fed. R. App. P. 34(f).  The case therefore is submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Joel Perez-Aguirre, a federal prisoner represented by counsel, appeals his sentence on two grounds. First, he argues that he should have received a written copy of the presentence investigation report in Spanish. Second, he argues that the district court imposed his sentence in violation of the rule articulated in Apprendi v. New Jersey, 530 U.S. 466 (2000). Because neither argument is supported by the facts of this case, we affirm the sentence imposed upon Mr. Perez-Aguirre.

## I. BACKGROUND

Mr. Perez-Aguirre, a Mexican citizen who does not speak English, was deported to Mexico in 1990 following his conviction for committing an aggravated felony. In early 2001, Mr. Perez-Agurirre was arrested in Wyoming on charges of narcotics trafficking. An indictment was subsequently filed with the district court in Wyoming charging Mr. Perez-Aguirre with one count of illegal reentry into the United States after deportation, a violation of 8 U.S.C. §§ 1326(a)(2) and (b)(2). After initially entering a plea of not guilty, Mr. Perez-Aguirre entered into a plea agreement and changed his plea to guilty. Mr. Perez-Aguirre was provided with a written version of the plea agreement in Spanish that he signed prior to the court's acceptance of his plea. Because of Mr. Perez-

Aguirre's inability to understand English, a translator was present at all hearings prior to the acceptance of his plea agreement and at his sentencing.

Before sentencing, the presentence investigation report ("PSR") was translated to Mr. Perez-Aguirre in Spanish by a court-provided translator during a telephone conversation. As part of the conversation, Mr. Perez-Aguirre's attorney—through the translator—was able to discuss in detail all of Mr. Perez-Aguirre's questions and concerns regarding the contents of the report. However, Mr. Perez-Aguirre was never provided with a written version of the PSR in Spanish.

At sentencing Mr. Perez-Aguirre complained, through a translator, that he was not provided with a Spanish copy of the PSR. A colloquy ensued in which the trial judge was informed that the local procedures no longer covered the expense of providing a written translation. The trial judge inquired into whether Mr. Perez-Aguirre understood the contents of the PSR, and the court determined that he did. The district court then interpreted Mr. Perez-Aguirre's request for more time to have the PSR provided in Spanish as a motion for a continuance and denied the motion.

## II. DISCUSSION

### A. Failure to provide written translation of presentence report

In objecting to the imposition of a sentence because he was not provided with a written version of the PSR in Spanish, Mr. Perez-Aquirre invokes Fed. R. Crim. P. 32(b)(6)(A), which states that "the probation officer must furnish the presentence report to the defendant, the defendant's counsel, and the attorney for the Government." Fed. R. Crim. P. 32(b)(6)(A). At issue, then, is whether a defendant who does not speak English must be provided with a written version of the PSR in his or her native tongue in order to comply with the Federal Rules of Criminal Procedure. [1]

At least one other court has addressed the difficulties inherent in providing a prisoner with only an oral translation of critical documents during a criminal trial. See United States v. Mosquera, 816 F. Supp. 168, 177-78 (E.D.N.Y. 1993) (requiring the probation office to supply written translations of a PSR). Another court, however, has suggested that oral translations are sufficient. See Sanders v. United States, 130 F. Supp. 2d 447, 449 (S.D.N.Y. 2001) (rejecting a § 2255 petitioner's claim of ineffective assistance of counsel and suggesting oral

---

[1] The government suggests that the appropriate standard of review is for abuse of discretion. While it is true that a district court's decision to appoint a translator is generally discretionary, see United States v. Urena, 27 F.3d 1487, 1492 (10th Cir. 1994), this court has never ruled on what standard of review would apply to a decision not to provide a written translation of a document to a defendant already receiving the assistance of a translator. While it makes sense that such a decision would also be discretionary, we need not decide that issue today.

-4-

notification of the contents of a PSR is sufficient for due process and equal protection purposes).

The concerns articulated by the court in Mosquera are important, and they are perhaps increasingly relevant as the population of non-English speakers in the United States grows. Even assuming, *arguendo*, that a Rule 32 violation occurred, we will not remand for resentencing absent a showing by the defendant that he or she was prejudiced by such a violation. See United States v. Archer, 70 F.3d 1149, 1151 (10th Cir. 1995).

In the present case, Mr. Perez-Aguirre does not make any assertion of prejudice. In particular, he does not deny that he discussed the contents of the PSR with counsel through a translator, that he understood the nature of his plea and the contents of the PSR, and that he understood the maximum penalty that could be imposed. For these reasons, under any standard of review, we can see no indication of prejudice. Therefore, Mr. Perez-Aguirre's argument on this point fails.

## B. Apprendi claim

Mr. Perez-Aguirre also asserts an argument under Apprendi. There, the Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must

be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. Mr. Perez-Aguirre notes that the indictment charged him with illegal reentry of "an alien who ha[s] previously been deported . . . [i]n violation of 8 U.S.C. §§ 1326(a)(2) and (b)(2)." Joint App., at 1 (Grand Jury Indictment, filed Mar. 22, 2001). However, Mr. Perez-Aguirre adds, the indictment did not allege that he had been previously convicted of an aggravated felony. Because that fact increases the maximum sentence under § 1326, he argues that the government violated Apprendi by not including in the indictment an allegation as to the prior conviction. [2]

Mr. Perez-Aquirre's argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998). In Almendarez-Torres, the Supreme Court held that the government need not charge a prior aggravated felony conviction in an indictment to trigger § 1326(b)'s enhanced statutory penalty. This circuit has held that Apprendi did not overrule the narrow holding of Almendarez-Torres because the general rule announced in Apprendi specifically excludes the fact of a prior conviction. United States v.

---

[2] A conviction for violation of § 1326(a)(2) generally carries a maximum sentence of a fine and two years' imprisonment. See 8 U.S.C. § 1326(a). Mr. Perez-Aguirre was sentenced to a term of 78 months, clearly in excess of the two year maximum for a violation of § 1326(a)(2). Section 1326(b)(2), however, states that an alien described in subsection (a) "whose removal was subsequent to a conviction for commission of an aggravated felony . . . shall be fined . . . , imprisoned not more than 20 years, or both."

Wilson, 244 F.3d 1208, 1216-17 (10th Cir. 2001) (discussing Apprendi), cert. denied, 533 U.S. 962 (2001); see also United States v. Martinez-Villalva, 232 F.3d 1329, 1332 (10th Cir.2000) (stating that this court is "bound by [Almendarez-Torres] to hold that the fact of defendant's prior felony conviction is not an element of the offense with which he was charged by indictment, but is, instead, a sentencing factor"); United States v. Dorris, 236 F.3d 582, 587 (10th Cir. 2000) (rejecting defendant's efforts to challenge the continuing validity of Almendarez-Torres). We therefore conclude that the requirements of Apprendi were not violated here.

## III. CONCLUSION

For the aforementioned reasons, we AFFIRM the sentence imposed upon Mr. Perez-Aguirre.

Entered for the Court,


Robert H. Henry
Circuit Judge