[Cite as *State v. Medina*, 2022-Ohio-1799.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2021-08-100 |
| Appellee, | : | O P I N I O N<br>5/31/2022 |
| | : | |
| - vs - | : | |
| | : | |
| RODRIGO MEDINA, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2020-10-1361

Michael T. Gmoser, Butler County Prosecuting Attorney, and Stephen M. Wagner, Assistant Prosecuting Attorney, for appellee.

Fantetti Law Office, LLC, and James P. Fantetti, for appellant.

**M. POWELL, P.J.**

{¶ 1}   Appellant, Rodrigo Medina, appeals a decision of the Butler County Court of Common Pleas denying his presentence motion to withdraw his guilty plea.

{¶ 2}   Appellant is not a United States citizen and speaks and reads little English. His native language is Spanish.  In October 2020, appellant was indicted on four counts of rape and two counts of gross sexual imposition.  On December 11, 2020, a superseding

indictment was filed, adding 16 sexual offenses, to wit, three counts of rape, five counts of gross sexual imposition, four counts of sexual battery, and four counts of unlawful sexual conduct with a minor. The 22 charges stemmed from a conduct that spanned a 12-year period and involved four separate minor victims. A certified Spanish interpreter was present at both arraignments. A bill of particulars was filed in January 2021.

{¶ 3} On April 13, 2021, appellant, with the assistance of a certified Spanish interpreter, pled guilty to four counts of rape in violation of R.C. 2907.02(A)(1)(b), first-degree felonies, in exchange for the dismissal of the remaining 18 charges. Appellant was also provided with a guilty plea and jury waiver form both in English and Spanish. During the plea hearing, appellant affirmed he was able to read the Spanish guilty plea form and confirmed he reviewed the guilty plea forms with his attorney with the assistance of the Spanish interpreter. Appellant stated he understood the plea forms and that he did not have any questions about them. He further stated he was satisfied with his attorney's representation. The state then recited facts underlying the four counts of rape, to wit, that appellant engaged in anal intercourse with one victim, digitally penetrated the vagina of a second victim, digitally penetrated the vagina of a third victim, and digitally penetrated the vagina of a fourth victim by force or threat of force. Appellant confirmed he heard the facts and admitted that the facts underlying the rape offenses were true. The trial court reviewed the sentence possibilities and enumerated the rights appellant would be giving up by pleading guilty. Appellant indicated he did not have any questions regarding these rights or the guilty plea forms and then pled guilty to the four counts of rape.

{¶ 4} A month later, appellant moved to withdraw his guilty plea pursuant to Crim.R. 32.1 on the grounds that he was actually innocent, that he did not understand the advice he received regarding penetration and force as applied to rape, that he never admitted conduct to his trial counsel, that there was a miscommunication between him, his trial

counsel, and interpreters, and that he was afraid. The motion further stated that appellant was not permitted "to see 'evidence' (that is, documents, video and audio designated as 'counsel only' by the prosecutor) as opposed to 'words' (that is, testimonial statements by perspective witnesses)." Appellant's trial counsel moved to withdraw as counsel. A hearing on appellant's motion to withdraw his guilty plea was held in July 2021. Appellant was represented by a court-appointed conflict counsel. A certified Spanish interpreter was sworn in. Appellant and his former trial counsel both testified at the hearing.

{¶ 5} Appellant explained he wanted to withdraw his guilty plea because "I feel that the things that I said were misrepresented and the thing that I have been accused of." Asked whether he did not understand the plea forms or the charges, appellant replied, "The way the charges were displaying to me and truthfully, I don't remember a lot of things because I know there's a lot of things that I have been accused of. So I need to know really which things are these because honestly I don't remember all those things."

{¶ 6} Appellant testified that he reads Spanish, that he understood the interpreters' Spanish, during hearings and in his meetings with his former trial counsel, and that he was able to read the plea form in Spanish. Appellant complained he was not told which charges were dismissed in exchange for his guilty plea and that the dismissed charges should have been read at the plea hearing. Appellant testified he "did not understand very clear of the charges. That's why I've been asking to get in Spanish, like I wanted this paper in Spanish to be able to understand all the charges, and nobody wants to give it to me." Appellant claimed he admitted that the facts read into the record during the plea hearing were true because he was afraid, his mind was blocked, and he was looking for an end to his situation. Appellant testified about his understanding of what rape is – forced sex – and that he told his former trial counsel that he touched a victim but did not commit the rapes he was accused of. Appellant denied raping the victims, claiming instead he was only holding and

hugging them.

**{¶ 7}** Appellant's former trial counsel testified that he met with appellant at the jail seven times between October 2021 and the April 2021 plea hearing. All seven meetings were substantive and with a Spanish interpreter. Counsel also had a substantial discussion with appellant on the morning of the plea hearing with the assistance of a Spanish interpreter. Counsel testified that he reviewed and explained all the charges in the bill of particulars to appellant, focusing on the most serious charges, and that he explained what rape meant under Ohio law. Counsel testified that appellant initially denied committing the offenses, however "as more information came out and we discussed the specific allegations and I entered legal questions related to what the definition of rape is," appellant ultimately agreed he had committed the alleged offenses. Counsel further testified that he went over the plea form in detail with appellant with the assistance of a Spanish interpreter as appellant was reading along the plea form in Spanish. When reviewing the plea forms, appellant did not tell counsel he did not commit the offenses. Appellant had, however, questions about the legal definition of what constitutes rape, which counsel explained.

**{¶ 8}** At the conclusion of the hearing, the trial court informed the parties that it had listened to the plea colloquy in its entirety in anticipation of the hearing and that it would take appellant's motion to withdraw his guilty plea under advisement. A sentencing hearing was held on August 6, 2021. A certified Spanish interpreter was sworn in. At the outset of the hearing, the trial court addressed appellant's motion to withdraw his guilty plea in great detail and denied it. The trial court then proceeded to impose consecutive prison sentences, totaling 55 years to life. On August 17, 2021, the trial court issued an entry denying appellant's motion to withdraw his guilty plea.

**{¶ 9}** Appellant appeals the denial of his motion to withdraw his guilty plea, raising one assignment of error:

- 4 -

{¶ 10} THE TRIAL COURT ERRED IN DENYING MR. MEDINA'S PRESENTENCE MOTION TO WITHDRAW HIS GUILTY PLEAS IN VIOLATION OF HIS DUE PROCESS RIGHTS UDER ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{¶ 11} Appellant argues the trial court erred in denying his presentence motion to withdraw his guilty plea because (1) he was not provided with a bill of particulars in Spanish despite his request, (2) he was not permitted to view the state's evidence marked "counsel only," (3) the trial court failed to conduct an in camera review of the state's "counsel only" evidence, and (4) he had a communication breakdown with his former trial counsel who did not speak Spanish and used an interpreter to communicate.[1]  Appellant asserts that his request to be provided with a bill of particulars in Spanish and view the state's "counsel only" evidence constituted a reasonable and legitimate basis to withdraw his guilty plea. Appellant further asserts the trial court could not properly determine whether there was a reasonable and legitimate basis to withdraw the guilty plea without conducting an in camera review of the "counsel only" evidence.

{¶ 12} It is well established that a presentence motion to withdraw a guilty plea should be freely and liberally granted.  *State v. Xie,* 62 Ohio St.3d 521, 526 (1992). Nevertheless, "a defendant does not have an absolute right to withdraw a plea prior to sentencing."  *Id.* at 527.  As a result, "the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea."  *Id.*

{¶ 13} The decision to grant or deny a presentence motion to withdraw a guilty plea rests within the sound discretion of the trial court.  *Id.*  For us to find an abuse of discretion

---

1. Appellant originally raised five issues in his brief but voluntarily withdrew one of the issues in his reply brief, to wit, that he was never arraigned on the December 11, 2020 superseding indictment.  Appellant concedes he was arraigned on the superseding indictment on December 15, 2020.

in this case, we must find that the trial court's ruling was unreasonable, arbitrary, or unconscionable. *Id.* A reviewing court defers to the judgment of the trial court because the good faith, credibility, and weight of the defendant's assertions in support of the motion to withdraw a guilty plea are matters to be resolved by that court. *Id.*; *State v. Rivera*, 12th Dist. Butler No. CA2013-05-072, 2014-Ohio-3378, ¶ 16.

{¶ 14} A mere change of heart regarding a decision to enter a plea, without some additional justification, is not a sufficient basis for the withdrawal of a guilty plea. *State v. Ward*, 12th Dist. Clermont No. CA2008-09-083, 2009-Ohio-1169, ¶ 7. The factors to be weighed in considering a presentence motion to withdraw a guilty plea include (1) whether the defendant was represented by highly competent counsel, (2) whether the defendant was afforded a complete Crim.R. 11 hearing before entering the plea, (3) whether the trial court conducted a full and impartial hearing on the motion to withdraw the plea, (4) whether the trial court gave full and fair consideration to the motion, (5) whether the motion was made within a reasonable time, (6) whether the motion set out specific reasons for the withdrawal, (7) whether the defendant understood the nature of the charges and the possible penalties, (8) whether the defendant was possibly not guilty of the charges or had a complete defense to the charges, and (9) whether the state would have been prejudiced by the withdrawal. *State v. Manis*, 12th Dist. Butler No. CA2011-03-059, 2012-Ohio-3753, ¶ 25. No one factor is conclusive. *Rivera* at ¶ 17.

{¶ 15} In denying appellant's motion to withdraw his guilty plea, the trial court found that appellant was represented by competent counsel, was afforded a complete Crim.R. 11 plea hearing, and was afforded a full and impartial hearing on his motion to withdraw. The trial court found that appellant understood the nature of the charges and the possible penalties because the plea forms in English and Spanish were clear, the prosecutor painstakingly went through the elements of each rape charge to which appellant pled guilty,

- 6 -

the prosecutor "insisted upon a full reading of the facts to ensure that [appellant] understood the allegations and acknowledged each one," and upon the trial court's inquiry, appellant acknowledged he "understood and heard those facts and agreed that they were true." The trial court found that appellant's purported defense that he did not have any of the alleged contact that served as the basis for the four rape charges and that the only contact he had with the victims was hugging and holding them was incredulous. The trial court further found incredulous appellant's assertion that miscommunication with his former trial counsel led appellant to conclude that hugging and holding someone equated rape.

**Bill of Particulars in Spanish**

{¶ 16} Appellant argues that his guilty plea should have been withdrawn because he was not provided a bill of particulars in Spanish despite his request. The record shows that during the hearing on his motion to withdraw, appellant stated he "wanted this paper in Spanish to be able to understand all the charges, and nobody wants to give it to me." Presumably, appellant referred to a bill of particulars. Appellant's "bill of particulars reference" was not developed beyond his uncorroborated statement he requested but was not provided a bill of particulars in Spanish.

{¶ 17} Appellant's motion to withdraw his guilty plea stated that his native language is Spanish, that he speaks little English, and that his consultations with his former trial counsel were through a Spanish interpreter. Appellant's motion did not argue the lack of a bill of particulars in Spanish as a basis for withdrawing his guilty plea.

{¶ 18} During the hearing on the motion, appellant's former trial counsel testified he reviewed and explained all the charges in the bill of particulars to appellant and explained what rape meant under Ohio law. Counsel further testified he had a substantial discussion with appellant on the morning of the plea hearing and went over the plea form in detail with appellant as appellant was reading along the plea form in Spanish. Both times, counsel

secured the assistance of a Spanish interpreter. Appellant fails to identify why the oral review of the bill of particulars and counsel's other consultations with him regarding the charges, all with the assistance of a Spanish interpreter, were inadequate in advising him of the nature of the charges and how a bill of particulars in Spanish would have made a difference in whether to plead guilty. Moreover, appellant never argued in his motion to withdraw his guilty plea or during the hearing on the motion that the lack of a bill of particulars in Spanish contributed to his plea being less than knowing, voluntary, and intelligent.

{¶ 19} Appellant does not cite any caselaw to support his claim he was entitled to a bill of particulars in Spanish. Criminal defendants who do not speak English are entitled to hear the proceedings in a language they can understand. *State v. Resendiz*, 12th Dist. Preble No. CA2009-04-012, 2009-Ohio-6177, ¶ 19; *State v. Pina*, 49 Ohio App.2d 394, 399 (2d Dist.1975). However, criminal defendants do not have a constitutional right to written translations of all court documents. *United States v. Celis*, 608 F.3d 818, 841 (D.C.Cir.2010). In rejecting a criminal defendant's claim that his guilty plea was invalid because he was not provided with written Spanish translations of the indictment, plea agreement, and presentence report, a federal court held that

> petitioner's argument that the failure to provide him with written translations of the documents in question violated his due process and equal protection rights is without merit. Petitioner was provided the services of a certified interpreter at every court appearance and in meetings with his lawyers prior to his plea and sentencing. The interpreters also provided petitioner with oral Spanish translations of the indictment, plea agreement and pre-sentence report. For entry of a plea of guilty, due process of law requires adequate notice to a defendant of the charges against him and the consequences of entering a plea of guilty. * * * The Constitution does not require that the information be communicated in writing in a foreign language.

*Sanders v. United States*, 130 F.Supp.2d 447, 449 (S.D.N.Y.2001); *Mendoza v. United*

*States*, 755 F.3d 821, 831 (7th Cir.2014) (due process does not require that discovery documents be translated into a defendant's native language). Accordingly, we find no merit to appellant's argument that his guilty plea should have been withdrawn because he was not provided with a bill of particulars in Spanish.

{¶ 20} Appellant also suggests his guilty plea should have been withdrawn because the 18 dismissed charges were not read into the record at the plea hearing, and thus he did not understand the nature of *all* the charges against him when he pled guilty. Crim.R. 11 does not require that a pleading defendant be advised regarding the charges to which he is not pleading. Moreover, the dismissed charges were in the superseding indictment and, with the assistance of a Spanish interpreter, were read to appellant when he was arraigned on the superseding indictment. The dismissed charges were also in the bill of particulars which appellant's former trial counsel reviewed and explained to appellant with the assistance of a Spanish interpreter. We therefore find no merit to appellant's argument.

**"Counsel Only" Evidence and In Camera Review**

{¶ 21} Appellant argues that his guilty plea should have been withdrawn because he was not allowed to view the state's evidence marked as "counsel only" and "at a minimum, the trial court should have conducted an in camera review of the evidence." Appellant asserts that only then, would the trial court have been in a position to determine whether appellant's claim of innocence had merit and whether there was a reasonable and legitimate basis for the withdrawal of his plea. The record shows, and the trial court indicated, that the "counsel only" evidence consisted of a video showing appellant "entering the home of at least one of the victims while other adults were away, attempting to evade his image on that camera that was then captured on the video via reflection in the television, engaged in a portion of the activity that served as the basis of the charges."

{¶ 22} Crim.R. 16(C) allows a prosecutor to designate certain discovery material as

- 9 -

"counsel only." "'Counsel only" material may not be shown to the defendant or any other person, but may be disclosed only to defense counsel and may not otherwise be reproduced, copied, or disseminated in any way. *Id.* Defense counsel may orally communicate the content of the "counsel only" material to the defendant. *Id.* Crim.R. 16(F) provides that "[u]pon motion of the defendant, the trial court shall review the prosecuting attorney's * * * designation of 'counsel only' material for abuse of discretion during an in camera hearing conducted seven days prior to trial, with counsel participating."

{¶ 23} Appellant did not argue in his motion to withdraw his guilty plea or during the hearing on the motion that his inability to view or lack of direct access to the "counsel only" evidence rendered his guilty plea invalid or less than knowing, voluntary, and intelligent. Likewise, appellant never argued or suggested in his motion to withdraw or during the hearing on the motion that the trial court should review the "counsel only" evidence in camera in determining whether appellant should be permitted to withdraw his guilty plea. Neither appellant's former trial counsel nor the conflict counsel filed a Crim.R. 16(F) motion for an in camera review. The trial court did not err in not conducting an in camera review of the "counsel only" evidence. Accordingly, we find no merit to appellant's argument his guilty plea should have been withdrawn because he could not view the "counsel only" evidence and the trial court did not conduct an in camera review of the evidence.

**Actual Innocence Claim**

{¶ 24} Appellant argues his guilty plea should have been withdrawn in light of his actual innocence claim at the hearing on the motion and the trial court's failure to review the "counsel only" evidence.

{¶ 25} When faced with a claim of innocence, a trial court "must determine whether the claim is anything more than the defendant's change of heart about the plea agreement." *State v. Elliott*, 8th Dist. Cuyahoga No. 103472, 2016-Ohio-2637, ¶ 30. A defendant's

protestations of innocence alone are not sufficient grounds for vacating a plea that was voluntarily, knowingly, and intelligently entered. *Id.*

{¶ 26} Appellant does not identify how or what in the "counsel only" evidence would have supported his actual innocence claim. Furthermore, appellant never asked the trial court to review such evidence in considering his actual innocence claim.

{¶ 27} During the plea hearing, the prosecutor recited facts underlying the four counts of rape to which appellant was pleading guilty. The facts described appellant's conduct as engaging in anal intercourse with one victim, digitally penetrating two victims' vaginas, and digitally penetrating a victim's vagina by force or threat of force. In response to the trial court's inquiry, appellant confirmed he heard the facts and admitted those facts to be true. During the hearing on the motion to withdraw, appellant's "actual innocence" was not developed beyond his uncorroborated claim that he simply hugged and held the victims. The facts underlying the counts of rape to which he pled guilty did not include, suggest, or reference hugging or holding the victims. In denying appellant's motion to withdraw, the trial court found incredulous appellant's purported defense that the only contact he had with the victims was hugging and holding them. The trial court further found incredulous appellant's assertion that miscommunication with his former trial counsel led appellant to conclude that hugging and holding someone equated rape. We defer to the judgment of the trial court because the good faith, credibility, and weight of appellant's assertions in support of his motion to withdraw his guilty plea are matters to be resolved by that court. *Xie*, 62 Ohio St.3d at 526. Accordingly, we find no merit to appellant's actual innocence argument.

{¶ 28} In light of the foregoing, we find no abuse of discretion in the trial court's denial of appellant's presentence motion to withdraw his guilty plea to four counts of rape. The trial court held a hearing on the motion, carefully considered appellant's motion, weighed

the factors listed above, and refused to permit appellant to withdraw his plea. The trial court's decision was not unreasonable, arbitrary, or unconscionable. Appellant's assignment of error is overruled.

{¶ 29} Judgment affirmed.

HENDRICKSON and PIPER, JJ., concur.