[Cite as *State v. Mitchell*, 2021-Ohio-2802.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                  CASE NO. 1-21-02

     v.

FARRAKHAN J. MITCHELL,              O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR 2020 0069

Judgment Affirmed

Date of Decision: August 9, 2021

APPEARANCES:

    *Thomas J. Lucente, Jr.* for Appellant

    *Jana E. Emerick* for Appellee

Case No. 1-21-02

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Farrakhan J. Mitchell ("Mitchell"), appeals the December 18, 2020 judgment entry of sentence of the Allen County Court of Common Pleas. We affirm.

{¶2} This case stems from the November 20, 2019 armed robbery of a Dollar General in Lima, Ohio by Mitchell (who was a juvenile at the time of the offense). On December 30, 2019, a delinquency complaint was filed in the Allen County Court of Common Pleas, Juvenile Division, alleging that Mitchell committed aggravated robbery in violation of R.C. 2911.01(A), a first-degree felony if committed by an adult. (Juv. Doc. No. 3). The complaint also included a firearm specification and alleged that Mitchell was subject to a mandatory bindover under R.C. 2152.10(A) to transfer jurisdiction of the case to the common pleas court's general division so that Mitchell would be prosecuted as an adult. (*Id.*). On January 7, 2020, Mitchell appeared for arraignment and denied the charges. (Juv. Doc. No. 14).

{¶3} After a hearing on February 12, 2020, the juvenile trial court concluded that there was probable cause to find that Mitchell committed the act charged in the complaint and to find that the alleged specification is true. (Juv. Doc. No. 22). Consequently, Mitchell's case was transferred to the Allen County Court of Common Pleas, General Division, for Mitchell to be prosecuted as an adult. (*Id.*).

{¶4} Following the transfer of Mitchell's case, on March 12, 2020, the Allen County Grand Jury indicted Mitchell on a single count of aggravated robbery in violation of R.C. 2911.01(A)(1), (C), a first-degree felony. (Doc. No. 3). The indictment also included a firearm specification under R.C. 2941.145(A) as to the count. (*Id.*). Mitchell filed written pleas of not guilty to the indictment on March 20, 2020. (Doc. Nos. 11, 13).

{¶5} On August 18, 2020, Mitchell withdrew his pleas of not guilty and entered guilty pleas, under a negotiated-plea agreement, to an amended count and the specification in the indictment. (Doc. No. 34). Specifically, in exchange for Mitchell's change of pleas, the State agreed to amend the aggravated-robbery charge to robbery in violation of R.C. 2911.02(A)(1), a second-degree felony. (*Id.*). The trial court accepted Mitchell's guilty pleas, found him guilty, and ordered a presentence investigation ("PSI"). (Doc. No. 35).

{¶6} On October 2, 2020, the trial court sentenced Mitchell to a minimum term of seven years in prison to a maximum term of ten and one-half years in prison as to the count and to three years in prison as to the specification. (Doc. No. 39). The trial court further ordered that Mitchell serve the mandatory term imposed as to the firearm specification prior to and consecutive to the seven-year minimum term.[1] (*Id.*). The trial court stayed Mitchell's sentence pending the resolution of his

---

[1] The trial court filed its judgment entry of sentence on October 19, 2020. (Doc. No. 39).

reverse-bindover case in the Allen County Court of Common Pleas, Juvenile Division. (*Id.*).

{¶7} After the Allen County Court of Common Pleas, Juvenile Division, concluded on December 11, 2020 that Mitchell "is not amenable to care or rehabilitation in the juvenile system and that the safety of the community may require that he be subject solely to the adult sanctions," Mitchell's case was transferred back to the trial court for Mitchell's previously imposed sentenced to "be invoked." (Juv. Doc. No. 32); (Doc. No. 46). On December 18, 2020, the trial court ordered Mitchell to serve the previously imposed sentence. (Doc. No. 46).

{¶8} On January 15, 2021, Mitchell filed a notice of appeal. (Doc. No. 49). He raises one assignment of error.

### Assignment of Error

**The indefinite sentencing scheme set forth in the Reagan Tokes Act and imposed by the trial court in this case violates the federal and state constitutions.**

{¶9} In his assignment of error, Mitchell argues that his sentence, imposed under Ohio's current sentencing scheme (commonly known as the "Reagan Tokes Law"), is unconstitutional. Specifically, Mitchell alleges that the portion of the Reagan Tokes Law that permits his sentence to be "enhanced" by decision of the Ohio Department Rehabilitation and Correction ("ORDC") (an agency within the

executive function of Ohio's government) runs afoul of the Ohio and United States Constitutions.

*Standard of Review*

{¶10} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

{¶11} In this case, Mitchell challenges the constitutionality of the Reagan Tokes Law—namely, Mitchell alleges that the Reagan Tokes Law violates the separation-of-powers doctrine and due-process clause of the Ohio and United States Constitutions. Specifically, Mitchell argues that the Reagan Tokes Law violates the separation-of-powers doctrine of Ohio and United States Constitutions because it "removes the sentencing enhancement from the prerogative of the judicial branch and transfers it to the executive branch [because] ORDC decides if a sentence will be enhanced." (Appellant's Brief at 8). Furthermore, Mitchell argues that the

Reagan Tokes Law violates the due-process clause of the Ohio and United States Constitutions because it (1) provides inadequate notice "as to what conduct on his part will trigger an increase in his sentence under R.C. 2967.271(A)(1)"; (2) provides "the executive's ability to make whatever judgment calls it deems appropriate, without sufficient guidance, results in a criminal penalty"; and (3) deprives him of "certain core rights as fundamental to the trial process." (*Id.* at 11, 15-16).

{¶12} "'An enactment of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible.'" *State v. Brown*, 3d Dist. Marion No. 9-10-12, 2010-Ohio-4546, ¶ 9, quoting *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142 (1955), paragraph one of the syllabus. "'That presumption of validity of such legislative enactment cannot be overcome unless it appear[s] that there is a clear conflict between the legislation in question and some particular provision or provisions of the Constitution.'" *Id.*, quoting *Xenia v. Schmidt*, 101 Ohio St. 437 (1920), paragraph two of the syllabus.

{¶13} "A statute may be challenged on constitutional grounds in two ways: (1) that the statute is unconstitutional on its face, or (2) that it is unconstitutional as applied to the facts of the case." *Id.* at ¶ 10, citing *Harrold v. Collier*, 107 Ohio

St.3d 44, 2005-Ohio-5334, ¶ 37, citing *Belden v. Union Central Life Ins. Co.*, 143 Ohio St. 329 (1944), paragraph four of the syllabus. "To mount a successful facial challenge, the party challenging the statute must demonstrate that there is no set of facts or circumstances under which the statute can be upheld." *Id.*, citing *Harrold* at ¶ 37, citing *United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095 (1987). "Where it is claimed that a statute is unconstitutional as applied, the challenger must present clear and convincing evidence of a presently existing set of facts that make the statute unconstitutional and void when applied to those facts." *Id.*, citing *Harrold* at ¶ 38, citing *Belden* at paragraph six of the syllabus.

{¶14} However, our review of the record reflects that Mitchell is attempting to, on appeal, raise his constitutional arguments for the first time. "'"The question of constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution this means in the trial court."'" *State v. Bagley*, 3d Dist. Allen No. 1-13-31, 2014-Ohio-1787, ¶ 70, quoting *State v. Rowland*, 3d Dist. Hancock No. 5-01-28, 2002 WL 479163, *1 (Mar. 29, 2002), quoting *State v. Awan*, 22 Ohio St.3d 120, 122 (1986). "This applies to challenges to the facial constitutionality of a statute and to the constitutionality of a statute's application." *Id.*, citing *Awan* at syllabus.

{¶15} "The Supreme Court of Ohio has held that, '"[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which

issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal."'" *State v. Heft*, 3d Dist. Logan No. 8-09-08, 2009-Ohio-5908, ¶ 29, quoting *State v. Rice*, 3d Dist. Allen Nos. 1-02-15, 1-02-29, and 1-02-30, 2002-Ohio-3951, ¶ 7, quoting *Awan* at syllabus. "However, the waiver doctrine set forth by *Awan* is discretionary; thus, 'even where waiver is clear, a reviewing court may consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it.'" *Id.*, quoting *Rice* at ¶ 7, citing *In re M.D.*, 38 Ohio St.3d 149 (1988), syllabus. Nevertheless, "'"discretion will not ordinarily be exercised to review such claims, where the right sought to be vindicated was in existence prior to or at the time of trial."'" *Id.*, quoting *Rice* at ¶ 7, quoting *State v. 1981 Dodge Ram Van*, 36 Ohio St.3d 168, 170-71 (1988), quoting *State v. Woodards*, 6 Ohio St.2d 14, 21 (1966).

{¶16} Here, Mitchell neither objected to the constitutionality of the Reagan Tokes Law while his case was pending before the trial court nor did he challenge the trial court's application of the Reagan Tokes Law at his sentencing hearings. Thus, Mitchell waived his arguments on appeal.

{¶17} Notwithstanding Mitchell's failure to raise his arguments in the trial court, we will address the merits of his arguments in the interest of justice. On appeal, Mitchell urges this court to diverge from our prior precedent in which we

concluded that the Reagan Tokes Law does not violate the separation-of-powers doctrine or due-process clause of the Ohio and United States Constitutions. We decline to do so.[2] *E.g.*, *State v. Floyd*, 3d Dist. Marion No. 9-20-44, 2021-Ohio-1935, ¶ 23. Consequently, we conclude that Mitchell's sentence is not contrary to law.

{¶18} Mitchell's assignment of error is overruled.

{¶19} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**

---

[2] To the extent that Mitchell alleges that his constitutional arguments are ripe for review, this court has consistently "declined to resolve those claims as not being ripe for review." *State v. Floyd*, 3d Dist. Marion No. 9-20-44, 2021-Ohio-1935, ¶ 22.