[Cite as *State v. Morici*, 2021-Ohio-3406.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY


STATE OF OHIO,

    **PLAINTIFF-APPELLEE,**               CASE NO. 1-21-12

    v.

JOHN A. MORICI,                      **O P I N I O N**

    **DEFENDANT-APPELLANT.**


Appeal from Allen County Common Pleas Court
Trial Court No. CR 2020 0118

**Judgment Affirmed**

**Date of Decision: September 27, 2021**


**APPEARANCES:**

    *Thomas J. Lucente, Jr.* **for Appellant**

    *Jana E. Emerick* **for Appellee**

**MILLER, J.**

{¶1} Defendant-appellant, John A. Morici, appeals the March 12, 2021 judgment of sentence of the Allen County Court of Common Pleas. For the reasons that follow, we affirm.

## I. Background

{¶2} This case arises from an April 13, 2020 incident in which Morici allegedly brandished a knife while stealing tobacco products and other assorted items from a Dairy Market convenience store in Lima. On June 11, 2020, the Allen County Grand Jury indicted Morici on one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a first-degree felony. On June 22, 2020, Morici appeared for arraignment and entered a plea of not guilty to the count in the indictment. A trial date was later scheduled for October 26, 2020.

{¶3} On October 16, 2020, Morici's trial counsel filed a motion to withdraw, claiming that communication with Morici had broken down and that Morici "no longer believe[d] that counsel [was] representing his best interests." At an October 20, 2020 hearing on the motion to withdraw, Morici stated that he wanted a new attorney because he had met with his attorney in person only a few times in the months preceding the October 26, 2020 trial date. Morici also stated that he was dissatisfied because his counsel failed to provide him with discovery materials. Morici's counsel acknowledged that there had been a gap between his meetings with

Morici and that Morici had been without the discovery materials during that period, but he stated that the discovery materials had been made available to Morici just days before. Morici admitted that several videos provided in discovery had been given to jail officials, but he claimed that he had been unable to view them. In light of these representations, the trial court denied Morici's trial counsel's motion to withdraw. However, the trial court arranged for Morici to view the discovery materials at the jail after the hearing concluded. Additionally, at some point after this hearing, counsel spoke with Morici to discuss the prosecution's case against him in preparation of trial.

{¶4} After talking with his trial counsel, Morici decided he wanted to enter a change-of-plea rather than proceed to trial. Counsel notified the trial court of Morici's decision, and a change-of-plea hearing was held on October 23, 2020, the Friday prior to the scheduled jury trial date. At the hearing, Morici withdrew his previous not-guilty plea and entered a plea of guilty to the charge. The trial court accepted Morici's plea and entered a finding of guilty. The matter was continued for the preparation of a presentence investigation report.

{¶5} A sentencing hearing was held on December 9, 2020. At the hearing, Morici orally moved to withdraw his guilty plea. He repeated many of the concerns he expressed at the October 20, 2020 hearing, particularly that he did not receive the discovery packet in a timely fashion and that communication with his trial

counsel was inadequate. In response to these claims, Morici's trial counsel again moved to withdraw from his representation of Morici. On this occasion, the trial court granted counsel's motion to withdraw. The trial court also stated it would appoint Morici substitute counsel to potentially file a motion to withdraw his guilty plea. The trial court then continued the sentencing hearing.

{¶6} On January 11, 2021, Morici, with the aid of a new attorney, filed a motion to withdraw his guilty plea. In his motion, Morici stated that he wanted to withdraw his guilty plea because he "entered that plea at the last moment after months of very little communication from his attorney and without the opportunity to fully review the evidence against him." He also claimed he was innocent. A hearing on Morici's motion to withdraw his guilty plea was held on January 26, 2021. On February 26, 2021, the trial court denied Morici's motion.

{¶7} Morici's sentencing hearing resumed on March 11, 2021. At the sentencing hearing, the trial court sentenced Morici to a term of 4-6 years in prison. The trial court filed its judgment entry of sentence on March 12, 2021.

{¶8} On April 2, 2021, Morici timely filed a notice of appeal. He raises three assignments of error for our review.

## II. Assignments of Error

**1.     The trial court abused its discretion in denying appellant's motion to withdraw his guilty plea.**

**2. The indefinite sentencing scheme set forth in the Reagan Tokes Act and imposed by the trial court in this case violates the federal and state Constitutions.**

**3. Defendant was denied the effective assistance of counsel as required by the Sixth Amendment to the U.S. Constitution.**

### III. Discussion

**A. First Assignment of Error: Whether the trial court abused its discretion by denying Morici's presentence motion to withdraw his guilty plea.**

{¶9} In his first assignment of error, Morici argues the trial court abused its discretion by denying his presentence motion to withdraw his guilty plea. Morici contends he should have been permitted to withdraw his guilty plea because he is innocent of the crime of aggravated robbery and because his decision to plead guilty was based on incomplete information and bad advice from his initial trial counsel.

**i. Standard of Review**

{¶10} "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." *State v. Xie*, 62 Ohio St.3d 521 (1992), paragraph two of the syllabus. "Therefore, appellate review of a trial court's decision to deny a presentence motion to withdraw a guilty plea is limited to whether the trial court abused its discretion." *State v. Keehn*, 3d Dist. Henry No. 7-14-05, 2014-Ohio-3872, ¶ 14. An abuse of discretion is more than a mere error in judgment; it suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980). "When

applying this standard, a reviewing court may not simply substitute its judgment for that of the trial court." *Keehn* at ¶ 14, citing *State v. Adams*, 3d Dist. Defiance No. 4-09-16, 2009-Ohio-6863, ¶ 33.

**ii. Crim.R. 32.1 & Evaluating a Motion to Withdraw a Guilty Plea**

{¶11} A motion to withdraw a guilty plea is governed by Crim.R. 32.1, which provides:

> A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

Although "a presentence motion to withdraw a guilty plea should be freely and liberally granted[,] * * * a defendant does not have an absolute right to withdraw a plea prior to sentencing." *Xie* at 527.

{¶12} "A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* at paragraph one of the syllabus.

> When reviewing a trial court's denial of a presentence motion to withdraw a guilty plea, this court considers several factors, including: (1) whether the withdrawal will prejudice the prosecution; (2) the representation afforded to the defendant by counsel; (3) the extent of the hearing held pursuant to Crim.R. 11; (4) the extent of the hearing on the motion to withdraw the plea; (5) whether the trial court gave full and fair consideration of the motion; (6) whether the timing of the motion was reasonable; (7) the stated reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charges.

*State v. Liles*, 3d Dist. Allen No. 1-18-69, 2019-Ohio-3029, ¶ 11. "None of the factors is determinative on its own and there may be numerous additional aspects 'weighed' in each case." *State v. North*, 3d Dist. Logan No. 8-14-18, 2015-Ohio-720, ¶ 16.

**iii. The trial court did not abuse its discretion by denying Morici's presentence motion to withdraw his guilty plea.**

{¶13} Morici contends that, contrary to the trial court's conclusion, the above-listed factors weigh in favor of allowing him to withdraw his guilty plea. Morici is right that one of the factors weighs in his favor. Specifically, at the hearing on Morici's motion to withdraw, the State conceded it would not be prejudiced if Morici were permitted to withdraw his guilty plea. (Jan. 26, 2021 Tr. at 35-36). The first factor therefore weighs in favor of Morici.

{¶14} However, the remaining factors weigh against allowing Morici to withdraw his guilty plea. First, at the October 23, 2020 change-of-plea hearing, the trial court conducted a thorough Crim.R. 11 plea colloquy with Morici before accepting his guilty plea. The trial court closely tracked the language of Crim.R. 11(C)(2), inquiring whether Morici was aware of the potential penalties that could be imposed, the constitutional rights he was waiving by pleading guilty, the collateral consequences of his plea, and that the court could proceed immediately to sentencing. Morici stated that he understood the trial court's admonishments and

that he did not have any questions to ask the trial court. Morici confirmed that he had an opportunity to discuss his case with his initial trial counsel, that he understood what he was doing, and that he was voluntarily pleading guilty. In sum, the trial court was diligent in ensuring that Morici understood what he was doing and that his plea was knowing, intelligent, and voluntary. As a result, the third and eighth factors weigh strongly against allowing Morici to withdraw his guilty plea.

{¶15} The fourth and fifth factors also weigh decidedly against Morici. At the January 26, 2021 hearing on Morici's motion to withdraw, Morici was given a full opportunity to make his case for withdrawing his plea. Morici, who was represented by capable counsel, was able to testify and explain in his own words his reasons for seeking to withdraw his plea. One month after the hearing, the trial court issued an 11-page judgment entry denying Morici's motion to withdraw. In its judgment entry, the trial court methodically and carefully applied each of the relevant plea-withdrawal factors. Thus, the trial court conducted an extensive hearing on Morici's motion to withdraw and gave a full and fair consideration to the motion. These factors militate against permitting Morici to withdraw his guilty plea.

{¶16} The sixth factor, whether the timing of Morici's motion was reasonable, also weighs against Morici. Between October 23 and December 9, the dates of the change-of-plea hearing and the original sentencing hearing, respectively, Morici did not express any desire to withdraw his guilty plea. It was

not until well into the December 9, 2020 sentencing hearing, after the prosecution had provided additional information about the offense, Morici's lack of remorse, and his criminal history, that Morici vocalized his desire to withdraw his guilty plea. Thus, although only a month and a half elapsed between when Morici pleaded guilty and when he orally moved to withdraw his plea, by the time Morici first moved to withdraw his plea, it was almost too late to do so. While the trial court accommodated Morici by continuing the sentencing hearing and by allowing him to file a written motion to withdraw his plea, this does not change the fact that Morici did not first attempt to withdraw his plea until the 11th hour.

{¶17} Finally, the second, seventh, and ninth factors—the representation afforded to Morici by counsel, Morici's reasons for moving to withdraw his guilty plea, and the possibility that Morici is innocent—weigh against allowing Morici to withdraw his plea. We address these factors together because, in our view, they overlap to some degree. Specifically, Morici's reasons for seeking to withdraw his guilty plea are that he is innocent of the charged offense and that he did not receive satisfactory representation from his initial trial counsel before pleading guilty.

{¶18} At the hearing on Morici's motion to withdraw, Morici testified that he decided to plead guilty because he "knew trial was coming up and [he] hadn't discussed anything" with his trial counsel. (Jan. 26, 2021 Tr. at 11). Morici acknowledged that he was able to read the 18-page discovery packet and watch all

of the provided video recordings a few days before he pleaded guilty. However, he renewed his complaint that he should have been provided with the discovery materials at an earlier date. Morici also said that he was dissatisfied because his initial trial counsel did not review the discovery materials with him. He stated that he thought his initial trial counsel should have at least watched the videos with him and "explained what was going on." (Jan. 26, 2021 Tr. at 26). Morici also generally objected to his initial trial counsel's lack of communication. Morici further stated that when he finally met with his initial trial counsel on the morning of the change-of-plea hearing, he was advised that he "had very few options" and that he should plead guilty. (Jan. 26, 2021 Tr. at 7, 28). Morici indicated that he thought his initial trial counsel had given him bad advice and that he felt pressured to plead guilty. (Jan. 26, 2021 Tr. at 11). With respect to his claims of innocence, Morici stated that he is innocent and that if the Dairy Market was robbed on April 13, 2020, he was not the perpetrator. (Jan. 26, 2021 Tr. at 20, 31). Even so, on cross-examination, Morici testified that he had been inside of the Dairy Market on the day of the alleged offense and that he was then staying in a house near the store. (Jan. 26, 2021 Tr. at 20).

{¶19} Based on Morici's testimony and the record, we have no reservations about the quality of his initial trial counsel's representation. Though Morici may not have been able to confer with his initial trial counsel as much as he might have

wanted to, the record indicates that Morici's initial trial counsel was otherwise actively involved in the case. For example, on July 28, 2020, Morici's initial trial counsel filed a motion requesting that the trial court "order an evaluation to determine whether [Morici] may be found not guilty by reason of insanity pursuant to Ohio Revised Code 2945.40." Morici was ultimately deemed ineligible to be found not guilty by reason of insanity, but his initial trial counsel's efforts show that he was attuned to the particulars of Morici's case and that he pursued a number of strategies to obtain a more favorable outcome for Morici. In addition, while it would have been ideal for Morici to receive the discovery materials at an earlier date and review those materials with his initial trial counsel, it is undisputed that Morici was able to review and mull over all of the discovery materials before he pleaded guilty.

{¶20} Moreover, as there is no evidence in the record corroborating Morici's claims of innocence, we can hardly fault Morici's initial trial counsel for advising Morici to enter a plea. The circumstances of Morici's alleged offense were explained in an affidavit accompanying the initial complaint filed in the Lima Municipal Court:[1]

> 3. On 4/13/2020, at about 8:30 a.m., [Morici] * * * entered the Dairy [Market] convenience store at 531 W. Kibby, Lima, Allen County, Ohio, and handed the clerk a note. The note advised the clerk to put tobacco products into a bag.

---

[1] Presumably, the circumstances detailing Morici's alleged involvement in the offense were also contained in the discovery reviewed by Morici. However, these materials are not part of the record.

4. The clerk was familiar with [Morici] * * *. The cost of the items came to $117, and the clerk said he had to pay before she would give it to him.

5. [Morici] waited until the clerk turned around and grabbed the tobacco products and began walking toward the exit. As he walked that direction, he grabbed two battery connectors and some lighter fluid off of the display.

6. A second clerk saw [Morici] walking toward the door, with the items, without paying, and stepped in front of him, telling [Morici] to put the items back.

7. [Morici] responded by brandishing a knife from behind his back, holding it toward the second clerk and telling him to get out of the way, or he would "gut him like a fish."

8. The clerk subsequently moved out of the way, and [Morici] walked out of the store. A customer watched him walk to an abandoned house * * * and go inside.

* * *

10. * * * [Officers] went into the vacant house to investigate and found [Morici] hiding in the corner.

11. * * * While they were taking [Morici] into custody, they found [the knife] and the stolen items from Dairy [Market] in the kitchen where Morici was hiding.

* * *

13. * * * [Morici] confessed to planning the robbery the night prior, writing the note, stealing the items without paying for them and threatening to "gut" the male clerk "like a fish," as he showed the clerk the knife, when the clerk tried to stop him from exiting the store.

14. [Morici] added that if the clerk wouldn't have done what he was told, he would have killed him with the knife.

Although Morici insists he is innocent and that he did not engage in this conduct, by testifying at the January 26, 2021 hearing that he had been inside of the Dairy Market on April 13, 2020, and that he was living in the abandoned house, Morici confirmed some details consistent with the affidavit. Apart from Morici's unadorned protestations of innocence, there is simply nothing in the record suggesting that he is innocent or that he has a complete defense.

{¶21} Finally, we note that, at the time Morici changed his plea, he did not voice any disagreement with his initial trial counsel's advice to plead guilty. At the change-of-plea hearing, the trial court encouraged Morici to ask questions and told him that he could interrupt at any time. As the trial court stated in its February 26, 2021 journal entry denying Morici's motion to withdraw, Morici "had an ample opportunity at the time of the change of plea to inform the court that he was confused or pressured, if he believed that he did not have a sufficient opportunity to discuss the case with his counsel, or to otherwise communicate concerns to the court." Yet, Morici failed to voice any such concerns. We agree with the trial court's finding that Morici "would have spoken up at the plea hearing if he felt unprepared or was feeling fear or panic or would have used his PSI as an opportunity to claim innocence or raise issues regarding counsel." Therefore, we conclude that the second, seventh, and ninth factors weigh against allowing Morici to withdraw his guilty plea.

{¶22} In sum, we find that all but one of the plea-withdrawal factors weigh against permitting Morici to withdraw his guilty plea. Despite his asserted reasons for seeking to withdraw his guilty plea, Morici seems to simply regret having pleaded guilty. In fact, Morici conceded as much at the hearing on his motion to withdraw when he stated that he wished he had never entered his guilty plea. (Jan. 26, 2021 Tr. at 11). However, "a change of heart or mistaken belief about the guilty plea is not a reasonable basis requiring a trial court to permit the defendant to withdraw the plea." *State v. Campbell*, 4th Dist. Athens No. 08CA31, 2009-Ohio-4992, ¶ 7. Accordingly, we conclude the trial court did not abuse its discretion by denying Morici's presentence motion to withdraw his guilty plea.

{¶23} Morici's first assignment of error is overruled.

**B. Second Assignment of Error: Whether the sentencing provisions in the Reagan Tokes Law violate the separation-of-powers doctrine or deprive a defendant of his right to due process.**

{¶24} In his second assignment of error, Morici argues the indefinite sentencing provisions of the Reagan Tokes Law violate the separation-of-powers doctrine and deprive him of his right to due process.

{¶25} Morici's challenge does not present a matter of first impression in this court. Since the indefinite sentencing provisions of the Reagan Tokes Law went into effect in March 2019, we have repeatedly been asked to weigh in on the

constitutionality of these provisions. Issues of ripeness aside,[2] we have invariably concluded that the indefinite sentencing provisions of the Reagan Tokes Law do not violate the separation-of-powers doctrine or infringe on defendants' due-process rights. *E.g.*, *State v. Crawford*, 3d Dist. Henry No. 7-20-05, 2021-Ohio-547, ¶ 10-11; *State v. Hacker*, 3d Dist. Logan No. 8-20-01, 2020-Ohio-5048, ¶ 22.

**{¶26}** In this case, Morici asks us to reconsider our earlier decisions. In recent months, a number of defendants have requested the same of us—requests that we have uniformly rejected. *E.g.*, *State v. Mitchell*, 3d Dist. Allen No. 1-21-02, 2021-Ohio-2802, ¶ 17; *State v. Rodriguez*, 3d Dist. Seneca No. 13-20-07, 2021-Ohio-2295, ¶ 15. As Morici has not presented us with any compelling new reason to depart from our earlier precedent, we once again decline to do so. Consequently, we conclude that Morici's separation-of-powers and due-process arguments are without merit.

**{¶27}** Morici's second assignment of error is overruled.

## C. Third Assignment of Error: Whether Morici received ineffective assistance of counsel.

---

[2] A number of other appellate districts have concluded that separation-of-powers and due-process challenges to the indefinite sentencing provisions of the Reagan Tokes Law are not yet ripe for review. *State v. Floyd*, 3d Dist. Marion No. 9-20-44, 2021-Ohio-1935, ¶ 20, fn. 2 (collecting cases). While we have concluded that as-applied due-process challenges to the indefinite sentencing provisions are not ripe for review, we have "implicitly" determined that facial due-process challenges, as well as separation-of-powers arguments, are ripe for review. *State v. Kepling*, 3d Dist. Hancock No. 5-20-23, 2020-Ohio-6888, ¶ 6, 11-15. We note that there is a case pending before the Supreme Court of Ohio to determine whether the constitutionality of the Reagan Tokes Law is ripe for review. *See State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913. Oral argument in *Maddox* was held on June 29, 2021.

**{¶28}** In his third assignment of error, Morici claims that he received ineffective assistance of counsel.

**i. Guilty Pleas & Ineffective Assistance of Counsel Claims**

**{¶29}** "When a defendant enters a plea of guilty, he is making a 'complete admission of [his] guilt.'" *State v. Welly*, 3d Dist. Seneca No. 13-15-37, 2016-Ohio-863, ¶ 22, quoting Crim.R. 11(B)(1). "A criminal defendant who pleads guilty is limited on appeal; he may only attack the voluntary, knowing, and intelligent nature of the plea and 'may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" *State v. Mata*, 3d Dist. Allen 1-04-54, 2004-Ohio-6669, ¶ 12, quoting *State v. Spates*, 64 Ohio St.3d 269, 272 (1992), quoting *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602 (1973). Consequently, "[a] guilty plea constitutes a waiver of a claim of ineffective assistance of counsel unless counsel's conduct affected the voluntary nature of the plea." *Id.* at ¶ 13.

**{¶30}** In general, a defendant asserting a claim of ineffective assistance of counsel must establish: (1) counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). In the context of a

defendant who has entered a guilty plea, the defendant can prevail under this standard only by demonstrating

> (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, that caused the defendant's guilty plea to be less than knowing, intelligent and voluntary and (2) that there is a reasonable probability that, but for counsel's deficient performance, the defendant would not have pled guilty to the offenses at issue and would have insisted on going to trial.

*State v. Khoshknabi*, 8th Dist. Cuyahoga No. 106117, 2018-Ohio-1752, ¶ 29. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *State v. Bradley*, 42 Ohio St.3d 136, 142 (1989), quoting *Strickland* at 694.

**ii. Morici has not established that he received ineffective assistance of counsel.**

{¶31} Morici claims he "was denied the effective assistance of counsel when his [initial] court-appointed attorney failed to provide him copies of his discovery in a timely fashion and failed to fully go over the discovery with him and ensure he understood his odds at trial and that he understood the ramifications of entering a guilty plea to the charge." However, we need not determine whether Morici's initial trial counsel performed deficiently because we can resolve Morici's ineffective-assistance claim by first considering the prejudice prong. *See Bradley* at 143 ("[A] court need not determine whether counsel's performance was deficient before

examining the prejudice suffered by the defendant as a result of the alleged deficiencies.").

**{¶32}** With respect to prejudice, Morici simply argues that "[b]ut for this ineffective assistance of counsel, [he] would never have entered the plea he entered and then tried to withdraw in a timely fashion." Morici does not attempt to draw any causal connection between his initial trial counsel's allegedly deficient performance and his decision to plead guilty. He merely lists instances of his initial trial counsel's supposed ineffectiveness and declares, without explanation, that his decision to plead guilty was affected. "Conclusory statements that the outcome would have been different, without more, are not enough to carry a defendant's burden on the issue of prejudice." *State v. Williams*, 1st Dist. Hamilton No. C-180588, 2020-Ohio-1368, ¶ 22. Moreover, in light of the trial court's extensive plea colloquy and considering that Morici had an opportunity to review the discovery materials outlining the case against him before pleading guilty, we do not find a reasonable probability that, but for his initial trial counsel's alleged deficiencies, Morici would have insisted on going to trial rather than entering a guilty plea. Consequently, Morici has failed to establish that he was prejudiced by his initial trial counsel's alleged ineffectiveness.

**{¶33}** Morici's third assignment of error is overruled.

## IV. Conclusion

**{¶34}** For the foregoing reasons, Morici's assignments of error are overruled. Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Allen County Court of Common Pleas.

***Judgment Affirmed***

**ZIMMERMAN and SHAW, J.J., concur.**

**/jlr**