[Cite as *State v. Pennington*, 2024-Ohio-2020.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NOS. CA2023-11-020 |
| | | CA2023-11-021 |
| | : | |
| - vs - | | O P I N I O N |
| | : | 5/28/2024 |
| CHARLES A. PENNINGTON, JR., | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
Case No. CRI 20235007; CRI2023 5093

Andrew T. McCoy, Clinton County Prosecuting Attorney, and Kara N. Richter, Assistant Prosecuting Attorney, for appellee.

Jon R. Sinclair, for appellant.

**S. POWELL, P.J.**

{¶ 1} Appellant, Charles A. Pennington, Jr., appeals his convictions in the Clinton County Court of Common Pleas after he pled guilty in separate cases to one count of third-degree felony failure to comply with order or signal of police officer and one count of fourth-degree felony operating a vehicle while under the influence of alcohol ("OVI"). For the reasons outlined below, we affirm Pennington's convictions.

**Facts and Procedural History**

**{¶ 2}** On January 27, 2023, the Clinton County Grand Jury returned an indictment charging Pennington with one count of failure to comply with order or signal of police officer in violation of R.C. 2921.331(B), a third-degree felony pursuant to R.C. 2921.331(C)(5)(a)(ii). This case was prosecuted under Case No. CRI 20235007. Several months later, on May 19, 2023, the Clinton County Grand Jury returned another indictment against Pennington charging him with two counts of OVI, one in violation of R.C. 4511.19(A)(1)(a) and the other in violation of R.C. 4511.19(A)(1)(b), both fourth-degree felonies pursuant to R.C. 4511.19(G)(1)(d)(i). This case was prosecuted under Case No. CRI 20235093.

**{¶ 3}** The charges in both cases arose following an incident that took place on January 7, 2023. During this incident, a heavily intoxicated Penington was alleged to have disregarded the various orders and signals of police officers to bring his vehicle, a 1999 Chevrolet C4E pick-up truck, to a stop after he was observed breaking numerous traffic laws. This included Pennington, who at that time was out on bond resulting from an earlier alleged OVI, nearly crashing into several parked vehicles. This also included Pennington, who did not have a valid driver's license, causing another motorist to drive off the road and onto the sidewalk to avoid a collision. This is in addition to Pennington driving the wrong way on the main one-way thoroughfare through Wilmington, Clinton County, Ohio.

**{¶ 4}** On August 8, 2023, following several pretrial hearings and various waivers of Pennington's speedy trial time, Pennington's trial counsel moved the trial court for an order requiring Pennington to undergo a psychological evaluation to determine the availability of a plea of not guilty by reason of insanity ("NGRI"). The trial court granted

counsel's motion and thereafter issued an entry ordering Pennington "submit to an evaluation to determine his mental state at the time of the commission of the alleged crimes." The trial court ordered a "written evaluation and sanity report" then be submitted to the court, following which a "final hearing to address this issue * * * will be timely scheduled after the court receives the written report." There is no dispute that, as the trial court noted in its entry, Pennington's trial counsel was "not questioning the competency of defendant to aid counsel in his defense," but only whether a plea of NGRI "would be a possibility in this case."

{¶ 5} On August 17, 2023, Pennington underwent the necessary psychiatric evaluation as ordered by the trial court. Pennington's evaluation was conducted by a psychologist from a local forensic evaluation service center. Once Pennington's evaluation was complete, which the record indicates took place at the Clinton County Jail and lasted approximately one hour and ten minutes, a written report setting forth the psychologist's findings was submitted the trial court for review. The record indicates that this submission occurred on August 29, 2023. The psychologist's report, which is included as part of the record on appeal, noted that it was the psychologist's professional opinion that Pennington did not meet the criteria for a plea of NGRI. Explaining why that was, the psychologist stated:

> Given the available information, it is my professional opinion that Mr. Pennington does not have a history of a severe mental defect but has a history of a severe mental disease. While he likely was suffering from symptoms suggestive of a severe mental disease at the time of the offenses charged, it is my professional opinion that these were exacerbated by his voluntary substance use. It is further my opinion that the defendant knew the wrongfulness of his behavior at the time of the offenses charged.

{¶ 6} On August 30, 2023, the trial court held another pretrial hearing. During this

hearing, the trial court noted that it had received a copy of the psychologist's report earlier that morning. Upon advising the parties that it was now in possession of the psychologist's report, the trial court noted that it was "going to read it, make sure the attorneys for both sides have a copy of it, and then schedule a hearing" on the matter to see "if there are any motions to be filed, whether a change of plea to not guilty by reason of insanity is requested to be filed or whether a jury trial needs to be docketed." However, before that hearing could ever be had, Pennington entered into a plea agreement with the state. This plea agreement required Pennington to plead guilty to one count of third-degree felony failure to comply with order or signal of police officer in Case No. CRI 20235007, and to one of the two fourth-degree felony OVI charges set forth in Case No. CRI 20235093, in exchange for the other fourth-degree felony OVI charge being dismissed.

{¶ 7} On September 12, 2023, the matter came before the trial court for a change of plea hearing. Following a detailed plea colloquy, which the record indicates lasted over 20 minutes and complied with Crim.R. 11(C) in all respects, Pennington entered guilty pleas to the charges of third-degree felony failure to comply with order or signal of police officer and fourth-degree felony OVI in accordance with the terms of the parties' plea agreement. The trial court accepted Pennington's guilty pleas upon finding both pleas were knowingly, intelligently, and voluntarily entered. After accepting Pennington's guilty pleas, the trial court ordered a presentence-investigative report be completed and set the matter for sentencing to take place on November 9, 2023.

{¶ 8} On September 19, 2023, just one week after pleading guilty, Pennington, against the advice of his trial counsel, moved the trial court to withdraw his guilty pleas. The trial court held a hearing on Pennington's presentence motion to withdraw his guilty

pleas on October 13, 2023. During this hearing, Pennington's trial counsel informed the trial court the following as it relates to Pennington's motion:

> Your Honor, I did receive a call from Mr. Pennington, I believe, on the day that I filed this motion requesting that I file it because he had essentially a change of heart and wished to take back his guilty plea. I did go over with him everything that the Court had went over and asked him that he answered affirmatively on the record. I don't believe he's arguing that you did anything wrong or that I did anything wrong, just that he was under an immense amount of stress.

{¶ 9} After hearing from Pennington's trial counsel, the trial court then asked Pennington if he had anything to add. To this, Pennington stated:

> Yes, sir. I've been battling a situation that has been going on for about two months now. I may have cancer and they scheduled – it's concerning enough that the jail theirself (sic) scheduled an appointment with a specialist, and I've been under a lot of stress with that. And I was just, like, you know, I'm so done. I'm just done. And I don't know if I – it's cancer or not. It's a place in my mouth really serious and it's just I've been under that stress and that's just what's going through my head constantly, constantly, constantly.

{¶ 10} Continuing, Pennington stated:

> And you know, I'm only 54 years old with cancer, you know, and then I'm thinking my mother, you know, she died at 59 with cancer. So I'm just sitting there going over in my mind. Constantly, it's just on my mind 24/7. You know, I want to get the medical help to get this taken care of before it does turn into something serious. And that's why I was just ready to be done. I was just done with it because I don't want to die of cancer. I saw my mother do it and it's very, very painful, very painful. I just don't want to die like that. So I was just trying to be done to where I could get the medical help I need.

{¶ 11} Upon hearing from Pennington, the trial court issued its decision from the bench denying Pennington's motion to withdraw his guilty pleas. In so doing, the trial court stated:

> I'm not going to hold this against you. I don't necessarily think it's frivolous you filed this. But again, I'm looking at it legally

- 5 -

and factually and I don't – I think you knew what you were doing regardless because it's just being under stress, regardless of whether it's medical conditions or any other life pressures doesn't mean that you didn't know what you were doing when you were in here, and I think you did. We've been together enough for me to understand because you've had plenty of time to think about this. And I'm going to deny the motion to vacate the guilty plea and maintain the sentencing hearing for November 9th.

{¶ 12} On November 9, 2023, the trial court held the previously scheduled sentencing hearing. At this hearing, the trial court initially noted that Pennington himself had renewed his motion to withdraw his guilty pleas as part of a letter addressed to the court dated November 6, 2023. Within this letter, Pennington argued that he should be entitled to withdraw his guilty pleas "because I do not and cannot remember anything from that night, no matter how hard I try I cannot remember anything," and "because due to my being blacked out I cannot truly say that I'm guilty and that the facts are true." Allowing Pennington to be heard on his pro se motion to withdraw his guilty pleas, as well as on his pro se motion to continue his sentencing to some other yet undetermined date, Pennington stated the following:

> Yes, sir, Your Honor. I was not – I didn't have the information on the forensic eval. That was brought to light to me yesterday and there's things in there that I would like to go over with my attorney to have a better understanding of what actually is going on with the forensic eval that I've never got to read it until today and I didn't know anything about what was said in the forensic even (sic) now until yesterday whenever I talked to [my trial counsel].

{¶ 13} Once Pennington had finished, the trial court summarily denied both of Pennington's motions from the bench. Upon denying Pennington's motions, the trial court then sentenced Pennington to nine months in prison on the charge of third-degree felony failure to comply with order or signal of police officer, consecutive to a 12-month prison term on the fourth-degree felony OVI offense, 60-days of which were deemed mandatory,

- 6 -

less 115 days of jail-time credit. This resulted in Pennington being sentenced to serve a total, aggregate 21-month prison term. The trial court also suspended Pennington's driver's license for a period of ten years, ordered Pennington to pay a $1,350 fine and court costs, and required Pennington to "attend and complete all available alcohol and drug abuse programs that are available to him while incarcerated." The trial court further ordered Pennington's vehicle be forfeited to the state. This was in addition to the trial court notifying Pennington that he may be subject to a period of up to two years of postrelease control following his release from prison.

{¶ 14} Upon that hearing concluding, the trial court filed its judgment entry of sentence. As part of that entry, the trial court stated the following as it relates to its decision to deny Pennington's renewed pro se motion to withdraw his guilty pleas and motion to continue:

> In reviewing a letter from defendant dated November 6, 2023, the court finds defendant again requests the court to withdraw his pleas of guilty. The court wished to determine on the record whether defendant wished to be heard on this request. Defense counsel was provided an opportunity to meet privately with defendant. Upon going on the record, the court finds defendant <u>does wish to withdraw his pleas of guilty</u>. Further, defendant requested a continuance of the sentencing hearing to again obtain private counsel.

(Emphasis sic.)

{¶ 15} Continuing, the trial court then stated:

> The court provided defendant an opportunity to be heard upon his requests. The court finds as reported in the pre-sentence investigation report, delaying court cases and requests by defendant for new counsel is not a new exercise. These cases have previously been delayed due to defendant requesting his counsel be replaced. The PSI reflects this type of request is common for defendant with defense counsel of record filing motions to withdraw in seven of twelve Indiana cases involving defendant. In these cases, defendant has requested to withdraw guilty pleas as well, been given an

- 7 -

opportunity to be heard, and then retracted the requests. Defendant had retained private counsel who withdrew as his attorney. The requests of defendant again to delay the proceedings and the sentencing hearing is denied.

{¶ 16} Later that day, and still on November 9, 2023, Pennington filed a timely notice of appeal from his convictions in both Case Nos. CRI 20235007 and CRI 20235093. Following briefing from both parties, Pennington's appeal was submitted to this court for consideration on April 3, 2024. Pennington's appeal now properly before this court for decision, Pennington has raised three assignments of error for review.

**Pennington's Appeal and Three Assignments of Error for Review**

*Assignment of Error No. 1:*

{¶ 17} THE TRIAL COURT ERRED BY ACCEPTING THE GUILTY PLEA WHILE AN NGRI EVALUATION WAS PENDING AND OUTSTANDING AT THE TIME OF THE PLEA.

{¶ 18} In his first assignment of error, Pennington argues the trial court erred by accepting his guilty pleas "while the NGRI evaluation was pending and its status not stated on the record." According to Pennington, the trial court's acceptance of his guilty pleas under these circumstances resulted in his pleas being less than knowingly, voluntarily, and intelligently entered because "the NGRI evaluation was still pending and unresolved by the court." We disagree.

{¶ 19} Initially, we must note that the record does not support Pennington's claim that the psychologist's report had yet to be completed and submitted to the trial court for review prior to him entering his guilty pleas. The record instead firmly establishes the psychologist's report was submitted to the trial court, and thereafter provided to both Pennington's trial counsel and the state, at the pretrial hearing held before the trial court on August 30, 2023. This was several weeks prior to when Pennington's guilty pleas

were entered on September 12, 2023.

{¶ 20} However, even if we were to assume the record did support Pennington's claim that the psychologist's report had not been completed prior to Pennington entering his guilty pleas, which it does not, as this court has previously determined, "when a defendant enters a plea of [NGRI] and then later enters a plea of guilty without formally withdrawing the [NGRI] plea, the defendant has waived any argument pertaining to the insanity defense." *State v. McQueeney*, 148 Ohio App.3d 606, 2002-Ohio-3731, ¶ 38 (12th Dist.). This is because "[a] valid guilty plea entered by a defendant is an 'implied admission of sanity.'" *Id.*, quoting *State v. Fore*, 18 Ohio App.2d 264, 269 (4th Dist.1969). Numerous other Ohio appellate courts have held the same. *State v. Laury*, 5th Dist. Stark No. 2017CA00138, 2018-Ohio-2944, ¶ 21 (noting that, "[i] Ohio, numerous appellate courts have recognized that a guilty plea contains within it an implied admission of sanity"); *see, e.g., State v. Mangus*, 7th Dist. Columbiana No. 07 CO 36, 2008-Ohio-6210, ¶ 52; *State v. Langenkamp*, 3rd Dist. Nos. 17-07-08 and 10-08-09, 2008-Ohio-1136, ¶ 28; *State v. Jackson*, 8th Dist. Cuyahoga No. 80299, 2002-Ohio-2711, ¶ 14; and *State v. Timmons*, 5th Dist. Stark No. 2001CA00191, 2002 Ohio App. LEXIS 1120, *5 (Mar. 11, 2002).

{¶ 21} Given these principles, the record in this case fully supports the trial court's decision to accept Pennington's guilty pleas as being knowingly, intelligently, and voluntarily entered. We find this to be the case even if, as Pennington claims, the psychologist's report had yet to be completed, reviewed, or resolved by the trial court prior to entering the guilty pleas. In so holding, we note that nothing in the record suggests that Pennington was not competent to enter a guilty plea or that he did not understand or appreciate the consequences of entering a guilty plea. The record instead indicates that,

when asked by the trial court whether he understood that by pleading guilty he would be "admitting to the facts" upon which those charges were based and "would be found guilty," Pennington responded, "Yes, Your Honor." This was the same response that Pennington provided to the trial court when the court explicitly asked him:

> So instead of a trial, what I would do is ask the State to give me [the] facts that they would try to prove beyond a reasonable doubt in a nutshell, you know, in a small summary narrative fashion, ask you to listen to those facts. If those facts are true, deemed admitted, and I believe you're knowingly, voluntarily, and intelligently pleading guilty, you're going to be found guilty of those two crimes. Is that what you would expect to happen if you plead guilty? You'd be found guilty.

{¶ 22} In light of the foregoing, and because we find it clear that Pennington's guilty pleas were knowingly, intelligently, and voluntarily entered, Pennington waived any argument pertaining to the insanity defense and his ability to enter a plea of NGRI in this case. This includes Pennington waiving any argument that he may have had regarding the impact of the alleged uncompleted, unreviewed, and unresolved psychologist's report on his ability, in the first instance, to enter a guilty plea to either third-degree felony failure to comply with order or signal of police officer and fourth-degree felony OVI in accordance with the terms of the parties' plea agreement. Therefore, finding no merit to any of Pennington's arguments raised herein, Pennington's first assignment of error lacks merit and is overruled.

*Assignment of Error No. 2:*

{¶ 23} THE COURT ERRED BY DENYING APPELLANT'S REQUEST TO WITHDRAW HIS PLEA PRIOR TO SENTENCING.

{¶ 24} In his second assignment of error, Pennington argues the trial court erred by denying him the opportunity to withdraw his guilty pleas prior to his sentencing, either

through his first motion filed by his trial counsel or with his renewed pro se motion filed on the eve of sentencing. We disagree.

{¶ 25} Pursuant to Crim.R. 32.1, a defendant may file a presentence motion to withdraw his or her guilty plea. *State v. Schwartz*, 12th Dist. Clermont Nos. CA2019-04-029, CA2019-04-030, and CA2019-04-031, 2019-Ohio-4912, ¶ 12. A defendant's presentence motion to withdraw a guilty plea "should be freely and liberally granted." *State v. Gabbard*, 12th Dist. Clermont No. CA2006-03-025, 2007-Ohio-461, ¶ 7, citing *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). However, although freely and liberally granted, that does not mean a defendant possesses an absolute right to withdraw a guilty plea prior to sentencing. *State v. Manis*, 12th Dist. Butler No. CA2011-03-059, 2012-Ohio-3753, ¶ 24. "Rather, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *State v. Newton*, 12th Dist. Preble No. CA2014-10-011, 2015-Ohio-2319, ¶ 10. "In determining whether to grant a presentence motion to withdraw a guilty plea, the trial court should consider the circumstances surrounding the defendant's plea." *State v. Harris*, 12th Dist. Butler No. CA2018-04-076, 2019-Ohio-1700, ¶ 11, citing *State v. Metcalf*, 12th Dist. Butler No. CA2002-12-299, 2003-Ohio-6782, ¶ 11.

{¶ 26} There are several factors that should be considered when evaluating the circumstances surrounding the defendant's plea. *State v. Owens*, 12th Dist. Preble No. CA2021-07-007, 2022-Ohio-160, ¶ 30. Those factors include, but are not limited to (1) whether the defendant was represented by highly competent counsel; (2) whether the defendant was afforded a complete Crim.R. 11 hearing before entering the plea; (3) whether the trial court conducted a full and impartial hearing on the defendant's motion to withdraw the plea; (4) whether the trial court gave full and fair consideration to the motion;

(5) whether the motion was made within a reasonable time; (6) whether the motion set out specific reasons for the withdrawal; (7) whether the defendant understood the nature of the charges and the possible penalties; (8) whether the defendant was possibly not guilty of the charges or had a complete defense to the charges; and (9) whether the state would have been prejudiced by the withdrawal. *State v. Sales*, 12th Dist. Butler No. CA2022-05-056, 2022-Ohio-4326, ¶ 25.

{¶ 27} "No one factor is conclusive in the determination of whether a plea should be allowed to be withdrawn." *State v. Rivera*, 12th Dist. Butler No. CA2013-05-072, 2014-Ohio-3378, ¶ 17, citing *State v. Fish*, 104 Ohio App.3d 236, 240 (1st Dist.1995). The decision to grant or deny a presentence motion to withdraw a guilty plea instead "rests within the sound discretion of the trial court." *State v. Medina*, 12th Dist. Butler No. CA2021-08-100, 2022-Ohio-1799, ¶ 13. This court will not reverse a trial court's decision denying such a motion absent an abuse of that discretion. *State v. Taylor*, 12th Dist. Butler No. CA2013-10-186, 2014-Ohio-3080, ¶ 7. "An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable." *State v. Robinson*, 12th Dist. Butler No. CA2013-05-085, 2013-Ohio-5672, ¶ 14. "A decision is unreasonable where a sound reasoning process does not support it." *State v. Miller*, 12th Dist. Butler No. CA2016-01-007, 2016-Ohio-7360, ¶ 7.

{¶ 28} To support this assignment of error, Pennington argues he had a reasonable and legitimate basis for the withdrawal of his guilty pleas prior to his sentencing because, prior to entering his guilty pleas, "he had not learned of the result of his NGRI evaluation and had not reviewed it with the assistance of counsel." But, as noted above, the record firmly establishes that the psychologist's report was provided to

both the state and defense counsel at the pretrial hearing held before the trial court on August 30, 2023. This was several weeks prior to when Pennington's guilty pleas were entered in this case on September 12, 2023. Pennington was certainly aware that the psychologist's report was provided to his trial counsel as he appeared at that hearing from jail via video conference. To claim otherwise, like Pennington does in this case, is simply not credible.

{¶ 29} Nevertheless, even if we were to assume the record supported Pennington's claim, which it does not, Pennington expressly stated at the change of plea hearing held before the trial court on September 12, 2023 that he had reviewed the state's plea offer with his trial counsel, that he understood the two charges to which he would be pleading guilty should he accept the state's plea offer, and that, notwithstanding the rights that he would be giving up, he wished to proceed in accordance with the terms of the state's plea offer. Pennington also answered, "Yes, sir, Your Honor," when specifically asked by the trial court whether he had "enough time" to consult with his trial counsel "about all possible defenses in this case." That was the same answer Pennington provided when the trial court explicitly asked him whether he was "satisfied with the counsel and advice" that he had received. Pennington further answered, "Yes, Your Honor," when expressly asked by the trial court if he understood that, after listening to the state's recitation of facts, "and you admit that that's what happened, that's the facts and they support these two charges, you're going to be found guilty of these two charges."

{¶ 30} This is in addition to Pennington answering, "Yes, sir, Your Honor," when the trial court asked him if the following facts alleged by the state were true:

> Thank you, Your Honor. Starting under the case ending in 5007, under the sole count of the indictment in that case, on or about the 7th day of January, 2023, in Clinton County Ohio, Charles A. Pennington, Jr. did operate a motor vehicle, as

defined in section 4501.01 of the Revised Code, so as to willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring his motor vehicle to a stop and the operation of the motor vehicle by Charges A. Pennington cause substantial risk of serious physical harm to persons or property in violation of Ohio Revised Code Title 29, Section 2921.331(B) and (C)(5)(a), failure to comply with the order or signal of a police officer, which is a felony of the third degree.

And then, Your Honor, under the second count of the indictment in the case ending in 5093, that on or about that same date, the 7th day of January, 2023, in Clinton County, Ohio, Charles A. Pennington, Jr. did operate a motor vehicle and at the time of the operation, the said Charles A. Pennington, Jr. was under the influence of alcohol and the said Charles A. Pennington, a person having a concentration of 8/100ths of one percent or more, but less than 17/100ths of one percent by weight per unit volume of alcohol, specifically he tested for a .169, Your Honor, in the person's whole blood, and the said Charles A. Pennington, Jr. who within 20 years of the offense previously is convicted of or pleaded guilty to five violations of Division A or B of the section, specifically Case Numbers 15D01-1402-FD-095, 15D02-1903-F6-068, and 15D02-0809-FD-238 from the Dearborn County courts in the State of Indiana and Case Number 58D01-0802-FD-009 and F8C01-1211-FD-0063 from the Ohio County courts in the state of – from the county courts in the State of Indiana in violation of the Ohio Revised Code, Title 45, Section 4511.19(A)(1)(b) and (G)(1)(d)(i), operating a vehicle under the influence of alcohol, a felony of the fourth degree.

{¶ 31} Under these circumstances, it was not error for the trial court to deny Pennington the opportunity to withdraw his guilty pleas prior to his sentencing, either through his first motion filed by his trial counsel or with his renewed pro se motion that he filed on the eve of sentencing. This holds true even though the state likely would not have been prejudiced by the withdrawal. This is because, as the record indicates, there exists a lack of any reasonable or legitimate basis for the withdrawal of Pennington's guilty pleas in this case. Pennington was represented by highly competent counsel, was afforded a complete Crim.R. 11(C) plea colloquy prior to entering his guilty pleas, and understood

- 14 -

the nature of the charges and the maximum possible penalties that he faced by pleading guilty. Therefore, as Pennington's trial counsel acknowledged, by moving to withdraw his guilty pleas, Pennington "had essentially a change of heart and wished to take back his guilty plea." "This is significant because, as this court has repeatedly recognized, '[a] mere change of heart regarding a decision to enter a plea, without some additional justification, is not a sufficient basis for the withdrawal of a guilty plea.'" *Sales*, 2022-Ohio-4326 at ¶ 33, quoting *State v. Medina*, 12th Dist. Butler No. CA2021-08-100, 2022-Ohio-1799, ¶ 14. This is also significant because, as is well established, "it is the trial court, and not this court on appeal, that 'assesses a defendant's credibility in considering the defendant's asserted reasons for wanting to withdraw his plea.'" *Id.* at ¶ 29, quoting *State v. Purnell*, 10th Dist. Franklin No. 17AP-298, 2018-Ohio-1036, ¶ 28. Accordingly, when considering all of the foregoing, Pennington's second assignment of error also lacks merit and is overruled.

*Assignment of Error No. 3:*

{¶ 32} THE COURT ERRED WHEN APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS PROVIDED BY THE OHIO AND U.S. CONSTITUTION.

{¶ 33} In his third assignment of error, Pennington argues that his decision to enter guilty pleas in this case was the result of him receiving ineffective assistance of trial counsel, thereby causing him to enter guilty pleas that were not knowingly, intelligently, and voluntarily made. We disagree.

{¶ 34} A criminal defendant has the right, under both the United States and Ohio Constitutions, to the effective assistance of counsel. *State v. Villani*, 12th Dist. Butler No. CA2018-04-080, 2019-Ohio-1831, ¶ 9. "A plea of guilty waives the right to claim that one

was prejudiced by ineffective assistance of counsel, except to the extent that such ineffective assistance made the plea less than knowing, intelligent, and voluntary." *State v. McMahon*, 12th Dist. Fayette No. CA2009-06-008, 2010-Ohio-2055, ¶ 33. "To prevail on an ineffective assistance of counsel claim in the context of a guilty plea, the defendant must show that (1) his counsel's performance was deficient and (2) there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty." *State v. Arledge*, 12th Dist. Clinton No. CA2018-12-024, 2019-Ohio-3147, ¶ 8, citing *State v. Bird*, 81 Ohio St.3d 582, 585 (1998). Deficient performance is defined as performance that fell below an objective standard of reasonableness. *State v. Jackson*, 149 Ohio St.3d 55, 2016-Ohio-5488, ¶ 97. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Sales*, 2022-Ohio-4326 at ¶ 37, quoting *State v. Morici*, 3d Dist. Allen No. 1-21-12, 2021-Ohio-3406, ¶ 30. A defendant's failure to make an adequate showing on either prong is fatal to the defendant's ineffective assistance of counsel claim. *State v. Zielinski*, 12th Dist. Warren No. CA2010-12-121, 2011-Ohio-6535, ¶ 50.

{¶ 35} To support this assignment of error, Pennington argues his trial counsel was ineffective for failing to "require the court to rule on the NGRI issues or to make a record showing some resolution of those issues after having raised them." However, as noted above, because Pennington entered guilty pleas that were clearly knowingly, intelligently, and voluntarily made, Pennington waived any argument pertaining to the insanity defense and his ability to enter a plea of NGRI in this case. We find the same holds true as it relates to Pennington's ineffective assistance of counsel claim raised herein, a claim which, for all intents and purposes, is identical to the argument Pennington raised in his first assignment of error set forth above. Therefore, because we find Pennington waived

this issue by entering guilty pleas that were knowingly, intelligently, and voluntarily made, Pennington's claim that his decision to enter guilty pleas in this case was the result of receiving ineffective assistance of trial counsel lacks merit. Accordingly, given Pennington's waiver of this issue, Pennington's third assignment of error alleging he received ineffective assistance of counsel is likewise overruled.

## Conclusion

{¶ 36} For the reasons outlined above, and having overruled each of Pennington's three assignments of error raised herein, Pennington's appeal challenging his convictions in separate cases to one count of third-degree felony failure to comply with order or signal of police officer and one count of fourth-degree felony OVI is denied.

{¶ 37} Judgment affirmed.

HENDRICKSON and M. POWELL, JJ., concur.